EL PUEBLO *v.* MUÑOZ ET AL.

APELACIÓN procedente de la Corte de Distrito de

Arecibo:

No. 80.    Resuelto en diciembre 5, 1905.

APELACIÓN.—TRANSCRIPCIÓN DE AUTOS.—DEBERES DE LA PARTE APELANTE.—La transcripción de autos debe contener una copia de todos los documentos que, según la ley, constituyen los autos de la causa, siendo deber de la parte

apelante subsanar las deficiencias que contuviere, pues á falta de las constancias necesarias, habrá de presumirse que la corte inferior procedió con arreglo á derecho.

Id.—Pliego de excepciones.—Relación de hechos.—No habiendo pliego de excepciones, ni relación de hechos, ni apareciendo de las constancias de autos las resoluciones que dictara la corte con respecto á dos mociones del acusado, solicitando, en una, la translación de la causa, y en la otra, el sobreseimiento de la misma, no hay términos hábiles para considerar y resolver las cuestiones por ellas planteadas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Coll.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

En la presente causa fué presentada ante la Córte de Distrito de Arecibo contra los apelantes Miguel Muñoz Santana y Ramón Muñiz Martínez acusación debidamente jurada, que aparece concebida en los términos siguientes:

"En el nombre y por la autoridad de "El Pueblo de Puerto Rico."—Estados Unidos de América. El Presidente de los Estados Unidos, S. S.—El Pueblo de Puerto Rico contra Miguel Muñoz Santana y Ramón Muñiz Martínez.—En la Corte de Distrito de Arecibo á          de mil novecientos.—El Fiscal General formula acusación contra Miguel Muñoz Santana, Juez Electoral que fué del precinto No. 15, por delito contra el derecho electoral (Felony) cometido como sigue: Allá por el día 18 de octubre de 1904, en una elección general verificada en Puerto Rico en ese año, Miguel Muñoz Santana, entonces Juez de elección del precinto No. 15, del Distrito electoral de Arecibo, situado dentro del Distrito Judicial del mismo nombre, siendo secundado por Ramón Muñiz Martínez, también Juez del mismo precinto, maliciosa y fraudulentamente, borró de la lista electoral de dicho precinto el nombre de Manuel Burgos Rosado, siendo éste un elector capacitado para votar en dicho precinto, en el arriba mencionado año, y de este modo, privándole al mencionado Manuel Burgos Rosado, del derecho que tiene á votar.—El expresado Ramón Muñiz Martínez, consintió y tomó parte en este hecho. Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad del Pueblo de Puerto Rico.—A. G. Stewart.—Fiscal General de P. R.—E. B. Wilcox, Fiscal Especial."

Habiendo comparecido en 6 de mayo último los convictos Miguel Muñoz Santana y Ramón Muñiz Martínez para oir la lectura de su sentencia, fueron preguntados si tenían algunas razones que exponer para impedir que la misma fuera pronunciada, y no habiéndolo hecho, la corte en vista del fallo de convicción que contra ellos había dictado el día 3 del propio mayo, dictó sentencia condenándolos á la pena de un año de prisión en el presidio departamental de la isla y á pagar las costas por delito contra el derecho electoral.

Contra esa sentencia interpusieron Muñoz Santana y Muñiz Martínez recurso de apelación que su letrado defensor sostuvo oralmente en el acto de la vista y que impugnó el fiscal de esta corte por escrito y oralmente.

La representación de los acusados ha alegado que en la copia de autos remitida á esta Corte Suprema para la decisión del recurso no aparece que á los acusados se les hiciera lectura de la acusación ni tampoco consta el fallo de convicción.

Nosotros entendemos que en verdad la transcripción de autos es defectuosa, pues el Secretario de la Corte de Distrito de Arecibo, dejando de cumplir con el deber que le impone el artículo 356 del Código de Enjuiciamiento Criminal, sólo remitió una copia parcial de los documentos obrantes en el récord; pero á los acusados y no á esta corte incumbía subsanar la deficiencia mediante el ejercicio del recurso legal correspondiente, y no habiéndolo hecho así debemos suponer que la corte de Arecibo procedió con arreglo á derecho en la celebración del juicio, mientras no se demuestre lo contrario de una manera satisfatoria.

Los acusados solicitaron la traslación de la causa al Tribunal de San Juan por creer que en el de Arecibo no podrían obtener un juicio imparcial, y también uno de aquéllos, ó sea Ramón Muñiz Martínez, interesó el sobre-

seimiento definitivo de la causa, porque ante el mismo Tribunal de Arecibo y por el propio delito ya se había visto una vez expuesto en juicio, sin que aparezcan en la transcripción de autos las resoluciones que dictara la corte, ni pliego de excepciones, ni escrito de exposición de hechos, que puedan servir de base para discutir y resolver tales cuestiones legales.

Examinadas la acusación y las sentencia que en copia tenemos á la vista, no encontramos defecto ó error que puedan invalidarlas.

Procede, pues, se confirme la sentencia que pronunció la Corte de Distrito de Arecibo en 6 de mayo último, con las costas del recurso á cargo de los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.